Rives *v.* Woodruff County.

Opinion delivered September 30, 1929.

*W. J. Dungan,* for appellant.

*Elmo CarlLee,* for appellee.

HART, C. J., (after stating the facts). Section 9879 of Crawford & Moses' Digest provides that the clerk of the county court shall, on or before the first Monday in June next, and at the same time every second year thereafter, make out and deliver to the assessor of each county an abstract containing a description of each tract of land situated in his county, with the name of the owner, if any, and the number of acres or quantity of land contained therein, as the same shall appear from the books of his office. This section of the statute was § 35 of an act passed March 28, 1887, being an act to amend the revenue laws of the State. Prior to that time it was made the duty of the clerk of the county court to deliver the land assessment book to the assessor on or before

the first Monday in February, 1883, and at the same time every second year thereafter. Mansfield's Digest, § 5694.

When appellant first entered into the office of county clerk he made out the land assessment book for the assessor for the years 1925 and 1927, and delivered the same to the assessor, under the provisions of § 9879, Crawford & Moses' Digest.

The Legislature of 1927 provided that the fiscal year for the affairs of the counties of the State of Arkansas should begin on the second Monday in November of each year. Acts of 1927, p. 1086. Appellant thought that the moving up of the date of the fiscal year would give him time to make out the land assessment book before his term of office would expire, on the 31st day of December, 1928, and that this would entitle him to the fees prescribed by statute for making out such assessment book in accordance with the provisions of § 9879 of Crawford & Moses' Digest. We do not think so.

The section of the statute in question, as well as the earlier provisions on the subject, provide that, on or before a certain designated day, and every two years thereafter, the county clerk should make out and deliver to the assessor of the county the land assessment book for such county. The Legislature contemplated that the making out and delivery of the land assessment book should be one continuous act, and should be done by the same person. The act contemplated that the clerk who should deliver the land assessment book should also make it out. There is nothing in the act which would tend to separate the making out of the abstract of the assessment book from the delivery of it. In the very nature of things, the two acts could only be performed by the clerk who was in office at the time the delivery was made. He would have plenty of time to make out the book after he had entered into the discharge of the duties of his office and to deliver the same to the assessor on or before the day prescribed by the act. This was the construction of the act by appellant when he was first

inducted into the office of county clerk, and the construction seems to have been acquiesced in by his predecessor in office. In any event, we think that such construction carries out the intention of the Legislature as indicated by the language of the statute; and we think there would be no good reason to change such interpretation because a subsequent Legislature moved up the fiscal year to an earlier date.

It follows that the judgment of the circuit court will therefore be affirmed.